# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# BATESVILLE DIVISION

TOMMY EDDS                                                                   PLAINTIFF

V.                    1:02CV00017 GH/JTR

MAX MOBLEY, Assistant Medical
Director, Arkansas Department of Correction, et al.            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge George Howard, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

      1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing before the District Judge

(if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I. Introduction

On June 3, 2005, Plaintiff, who is currently incarcerated at the Jefferson County Jail Facility ("JCJF") of the Arkansas Department of Correction ("ADC"), filed a Third Amended Complaint against several employees of Correctional Medical Services ("CMS Defendants")[1] and several employees of the ADC ("ADC Defendants").[2] *See* docket entry #184. The ADC Defendants have filed a Motion to Dismiss the Third Amended Complaint and a Supporting Brief, to which Plaintiff has filed a Response.[3] *See* docket entries #194, #195, and #205. For the reasons set forth herein, the

---

[1] The CMS Defendants are: (1) CMS; (2) Dr. Ashraft M. Diab; and (3) Dr. Arthur Bentley. *See* docket entry #184.

[2] The ADC Defendants are: (1) Larry Norris, the ADC Director; (2) John Byus, the ADC Director of Medical Services; (3) Max Mobley, the ADC Deputy Director of Health and Correctional Programs; and (4) Rick Toney, the Warden of the JCJF. *Id.*

[3] The CMS Defendants have not joined in the Motion to Dismiss filed by the ADC Defendants.

Court recommends that the Motion be granted, and that this entire § 1983 action be dismissed, without prejudice.

## II. Background

In May of 2002, Plaintiff filed a § 1983 Complaint alleging that Defendants Dr. Bentley, Nurse Edna LeFevers, Nurse Cass Cherry, Nurse Linda Hunt, and Max Mobley failed to provide him with adequate medical care for a herniated disk and nerve root impingement in his lumbar spine. *See* docket entries #2, #9, and #12. Specifically, Plaintiff alleged that these Defendants: (1) failed to order proper diagnostic exams; (2) did not prescribe proper pain medication; (3) refused to provide him with necessary physical accommodations such as a shower chair and a script exempting him from using the stairs; (4) falsified his medical records from the Veterans Administration; and (5) denied his grievances about these matters. *Id.; see also* docket entry #139.

On February 10, 2004, the Court conducted an evidentiary hearing on the merits of Plaintiff's claims and later entered a Proposed Findings and Recommended Disposition holding that Plaintiff had prevailed <u>only</u> on his claim that Defendant Arthur Bentley improperly denied him a shower chair as a necessary physical accommodation for a herniated disk, nerve root impingement in his lumbar spine, and advanced neuropathy in his legs and feet (hereinafter referred to as "shower chair" claim).[4] *See* docket entry #139. The Court also recommended the dismissal of Plaintiff's remaining inadequate medical care claims as unsupported by the evidence presented <u>at that time</u>. *Id.* However, the Court cautioned Defendants that they were now on actual notice of Plaintiff's serious medical condition and need for an MRI and other appropriate medical treatment. *Id.*

---

[4] In its Recommended Disposition, the Court awarded Plaintiff $1,000 in damages and specified that Plaintiff was entitled to have a shower chair to help prevent him from falling while taking a shower.

On April 29 and May 4, 2004, United States District Judge George Howard, Jr., entered an Order and Judgment adopting the Proposed Findings and Recommended Disposition. *See* docket entries #145 through #147.

Defendant Bentley appealed the Judgment against him. *See* docket entry #151. In contrast, Plaintiff did <u>not</u> appeal the unfavorable rulings rendered against him. Thus, the dismissal of Plaintiff's other inadequate medical care claims that accrued <u>before</u> the February 10, 2004 hearing is now final. *See* docket entry #173 and #178.

Because the tape recording of the evidentiary hearing was defective and could not be transcribed, the Eighth Circuit remanded the matter to this Court for development of the record. *See* docket entry #157. Thus, after this case was remanded to the trial court, Plaintiff's shower chair claim against Defendant Bentley was the <u>only</u> <u>claim</u> still pending for final disposition.

On June 3, 2005, Plaintiff filed, with the Court's permission, a Third Amended Complaint alleging that, <u>since the February 10, 2004 evidentiary hearing</u>, the ADC Defendants and CMS Defendants have failed to provide him with adequate medical care for his back condition by: (1) delaying an MRI and refusing to take him to see a neurologist for proper diagnosis and treatment (hereinafter referred to as Plaintiff's "MRI/Neurologist claim"; and (2) improperly administering his prescription for Tylenol 3 (hereinafter referred to as Plaintiff's "Tylenol 3 claim"). *See* docket entry #175. Plaintiff has named each Defendant in both their individual and official capacities. *Id.* By way of relief, he requests monetary damages, a declaratory judgment, and injunctive relief. *Id.*

### III.  Discussion

The ADC Defendants assert that the Third Amended Complaint must be dismissed,[5] in its entirety, because: (1) Plaintiff failed to exhaust his administrative remedies on each of the asserted claims; (2) Defendants cannot be held liable, in a § 1983 action, under the doctrine of respondeat superior; (3) Defendants are entitled to sovereign immunity; and (4) Plaintiff's claims are barred pursuant to the doctrines of res judicata and collateral estoppel. *See* docket entries #194 and #195. Because the Court concludes that Defendants' first argument has merit, it need not address their alternative arguments for dismissal.

The Prison Litigation Reform Act provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purpose of the exhaustion requirement is to give prison officials the opportunity to rectify the perceived problem before the courts become involved. *Porter v. Nussle*, 534 U.S. 516 (2002). Importantly, the Eighth Circuit has clarified that § 1997e(a) requires inmates to: (1) complete the exhaustion process prior to filing a complaint in federal court; and (2) fully exhaust their administrative remedies as to each separate

---

[5] The Court is mindful that a motion to dismiss should be granted only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

claim raised in the complaint. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). To fully exhaust administrative remedies, an inmate must: (1) file a grievance; (2) appeal the denial of that grievance to the Warden; and (3) appeal the Warden's decision to the ADC Deputy/Assistant Director. *See* ADC Adm. Dir. 04-01 § IV(G)(5) (February 1, 2004).

**A.      Plaintiff's Tylenol 3 Claim Against All Defendants**

First, the ADC Defendants contend that Plaintiff failed to present sufficient proof that he fully exhausted his administrative remedies in regard to his Tylenol 3 claim. *See* docket entries #194 and #195. In Response to that allegation, Plaintiff has provided the Court with the ADC Deputy/Assistant Director's April 26, 2005 and May 2, 2005 final administrative rulings on grievances Plaintiff filed in regard to his Tylenol 3 claim. *See* docket entry #205, Exhibits A and B. Importantly, those administrative rulings were rendered before Plaintiff filed his Third Amended Complaint on June 3, 2005. *See* docket entry #184. Thus, the Court concludes that Plaintiff has properly exhausted his administrative remedies in regard to his Tylenol 3 claim.

**B.      Plaintiff's Shower Chair Claim Against Defendant Dr. Bentley**

The parties do not dispute that Plaintiff properly exhausted his administrative remedies in regard to his shower chair claim against Defendant Dr. Bentley.

**C.      Plaintiff's MRI/Neurologist Claim Against All Defendants**

The ADC Defendants assert that Plaintiff has not fully exhausted his administrative remedies as to his MRI/Neurologist claim, which arose after the Court conducted the February 10, 2004 evidentiary hearing and entered its February 26, 2004 Recommended Disposition. *See* docket entries #194 and #195. This argument is well taken.

Plaintiff has presented the Court with several grievances and intermediate decisions from the unit Warden regarding his MRI/Neurologist claim. *See* docket entry #184. However, he has <u>not</u> come forward with <u>any</u> <u>final</u> administrative rulings on that claim from the ADC Deputy/Assistant Director.

Instead, Plaintiff has produced a June 16, 2005 final administrative ruling in which the ADC Deputy/Assistant Director <u>refuses</u> to address the merits of Plaintiff's MRI/Neurologist claim because Plaintiff did not file a proper grievance about the matter and, instead, raised it for the first time during the appeal of a grievance regarding his Tylenol 3 claim. *See* docket entry #205, Exhibit C. The June 16, 2005 final administrative ruling does not satisfy the stringent exhaustion requirements set forth by the PLRA because it: (1) was rendered thirteen days <u>after</u> Plaintiff filed his Third Amended Complaint on June 3, 2005; and (2) does not address Plaintiff's MRI/Neurologist claim on the merits and, instead, denies the claim for procedural reasons. *See Johnson,* 340 F.3d at 627 (holding that: "Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies <u>before</u> filing suit in federal court. . . . If exhaustion was not completed at the time of filing, dismissal is mandatory") (emphasis in the original); *Jones v. Norris*, 310 F.3d 610 (8th Cir. 2002) (holding that a prisoner failed to fully and properly exhaust his administrative remedies because "the grievances were returned without [a final] decision on the merits because [the prisoner] failed to follow grievance procedure" and, thus, "the grievance did not receive substantive review by the prison authorities"). Thus, the Court concludes that Plaintiff has failed to fully and properly exhaust his administrative remedies in regard to his MRI/Neurologist claim.

Relying upon cases from the Third, Sixth, and Ninth Circuits,[6] Plaintiff argues that he "substantially complied" with the exhaustion requirement by filing: (1) numerous grievances and administrative appeals <u>prior</u> to February 2004; and (2) a *pro se* November 26, 2004 Motion for Temporary Injunction[7] and a *pro se* May 9, 2004 letter[8] asking the Court to order the Defendants to provide him with an MRI and an appointment with a neurologist. The Court concludes that this argument fails for several reasons.

First and most importantly, Plaintiff has not cited, nor has the Court been able to locate, any cases in which the <u>Eighth Circuit</u> has allowed substantial compliance with the PLRA's exhaustion requirements. To the contrary, the Eighth Circuit has a well-established history of requiring <u>strict adherence</u> to the PLRA's exhaustion requirements. *See*, *e.g., Fudge v. May,* Case No. 03-1534, 2003 WL 22998106 (8th Cir. Dec. 19, 2003) (unpublished opinion) (requiring dismissal of the entire case even though it was too late for the prisoner to raise the unexhausted claim in the prison grievance procedure); *Love v. May,* Case No. 02-3838, 2003 WL 21181767 (8th Cir. May 21, 2003) (unpublished opinion) (requiring dismissal of the entire case where the prisoner failed to file grievances against three of the nine defendants)*; Johnson,* 340 F.3d at 627 (requiring complete exhaustion prior to filing the complaint); *Graves*, 218 F.3d at 885 (requiring the dismissal of the entire case if it includes at least one unexhausted claim).

---

[6] *See Nyhuis v. Reno*, 204 F.3d 65 (3rd Cir. 2000); *Wyatt v. Leonard,* 193 F.3d 876 (6th Cir. 1999); and *Bishop v. Lewis*, 155 F.3d 1094 (9th Cir. 1998).

[7] *See* docket entry #159. The Court subsequently denied Plaintiff's Motion because "the issue of whether Plaintiff is legally entitled to diagnostic tests and corrective surgery for his back is <u>not</u> currently part of this action." *See* docket entry #173 at 7 (emphasis in the original); *see also* docket entry #178.

[8] The letter was placed in the correspondence section of the file.

Second, Plaintiff's MRI/Neurologist claim alleges that, sometime <u>after</u> the Court conducted the February 10, 2004 evidentiary hearing and entered the February 26, 2004 Recommended Disposition, Defendants failed to provide him with adequate medical care by denying his requests for an MRI and to see a neurologist.[9] Thus, any grievances that were filed or any administrative decisions that were rendered <u>before</u> that date are irrelevant for purposes of establishing exhaustion.

Finally, the Court recognizes that, in May and November of 2004, Plaintiff filed a letter and motion, both of which put Defendants on notice of his post February 2004 MRI/Neurologist claim. However, both the specific language of the PLRA and well-established Eighth Circuit precedent unequivocally require a prisoner to give the ADC Deputy/Assistant Director a final opportunity to administratively address the merits of a claim before it is raised in federal court. As the record now stands, Plaintiff has not given the ADC Deputy/Assistant Director a final opportunity to address the merits of his post February 2004 MRI/Neurologist claim. Thus, Plaintiff has not, at this time, properly exhausted his administrative remedies as to that claim.

## IV. Conclusion

As previously discussed, the Eighth Circuit has held that the <u>entire</u> § 1983 action must be dismissed, without prejudice, if a prisoner fails to fully exhaust his or her administrative remedies as to any single claim raised in a § 1983 action. *Graves,* 218 F.3d at 885. Thus, the Court must dismiss this entire case (including Plaintiff's properly exhausted shower chair claim against Dr. Bentley and his properly exhausted Tylenol 3 claim against all Defendants) due to Plaintiff's

---

[9]As previously explained, in its Recommended Disposition, the Court made it clear that, prospectively, CMS and its employees might be liable for inadequate medical care if they failed to provide Plaintiff with an MRI to determine if the previously well-documented nerve root impingement and bulging disc in his lumbar spine had progressed to the point of requiring surgery.

failure to timely and properly exhaust his administrative remedies in regard to his MRI/Neurologist claim.

The Court acknowledges and regrets that this result seems harsh and inequitable in light of the lengthy procedural history of this case. However, the Court believes this result is mandated by well-established Eighth Circuit precedent. At this point, the only recourse Plaintiff has available to him is to file Objections to this Recommended Disposition and an appropriate Motion to Amend requesting the District Judge for permission to dismiss Plaintiff's unexhausted MRI/Neurologist claim and continue with the properly exhausted shower chair and Tylenol 3 claims. *See Kozohorsky v. Harmon,* 332 F.3d 1141 (8th Cir. 2003) (holding that the trial court committed reversible error when it refused to grant a prisoner's Motion to Amend the Complaint to eliminate unexhausted claims from the case).[10]

IT IS THEREFORE RECOMMENDED THAT the ADC Defendants' Motion to Dismiss the Third Amended Complaint (docket entry #194) be GRANTED, and that this case, in its entirety, be DISMISSED, WITHOUT PREJUDICE.

Dated this 4th day of August, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

---

[10] In an abundance of caution, Plaintiff's Objections should refer the District Judge to the simultaneously filed Motion to Amend. Additionally, once Plaintiff has fully and properly exhausted his administrative remedies as to his MRI/Neurologist claim, he should be able to file a new § 1983 action raising that claim.