IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

TOMMY EDDS                                                                                               PLAINTIFF

Case Number: **1:02CV00017GH**

MAX MOBLEY, ET AL.                                                                              DEFENDANTS

### ORDER

      The Court is in receipt of the Proposed Findings and Recommended Disposition of Magistrate Judge J. Thomas Ray, recommending that the entire case be dismissed without prejudice for failure to exhaust administrative remedies with regard to plaintiff's contention that defendants delayed providing plaintiff an MRI and refused to take him to a neurologist for proper diagnosis and treatment (referred to by Judge Ray as the "MRI/Neurologist claim"). Recognizing the seemingly harsh and inequitable result of this case in light of its history, Judge Ray noted that plaintiff could file a motion to amend the complaint to dismiss the unexhausted MRI/Neurologist claim and continue with the properly exhausted shower chair and Tylenol 3 claims. Plaintiff filed objections to Judge Ray's recommendations. He also filed a motion for leave to amend that conforms to Judge Ray's recommendations.

      This case has a long history with which the Court is quite familiar. Plaintiff filed his original complaint *pro se* on February 25, 2002, against several employees and agents of both Correctional Medical Services, Inc. ("CMS") and the Arkansas Department of Correction ("ADC") alleging that he had been denied adequate medical treatment for a serious nerve injury in his back. In particular, plaintiff alleged that the defendants (1) failed to order proper diagnostic exams; (2) did not prescribe proper pain medication; (3) refused to provide plaintiff with necessary

-1-

physical accommodations such as a shower chair and a "script" exempting him from using the stairs; (4) falsified his medical records from the Veterans Administration; and (5) denied his grievances about these matters.

Judge Ray conducted an evidentiary hearing on February 10, 2004 and on February 26, 2004, Judge Ray issued a recommended disposition finding that judgment should be entered in favor of plaintiff and against defendant Arthur Bentley on plaintiff's assertion that Bentley had improperly denied plaintiff a shower chair as a necessary physical accommodation for a herniated disk, nerve root impingement in his lumbar spine, and advanced neuropathy in his legs and feet.

The issue of the ADC's failure to provide plaintiff with an MRI had been raised by plaintiff and addressed by the CMS and ADC on a number of occasions. Judge Ray, in his recommended disposition specifically stated that CMS and ADC "are now on *actual notice* of all relevant medical facts that strongly support the necessity of Plaintiff having an MRI . . .If CMS physicians continue to refuse to allow Plaintiff to have this MRI, they, CMS and the ADC may all have serious exposure to future liability and damages flowing from that decision."

The Court, on April 29, 2004 and May 4, 2004, issued a Judgment and Amended Order, adopting the Proposed Findings and Recommendations and awarded plaintiff $1000 in damages against defendant Bentley on plaintiff's inadequate medical claim regarding the denial of his request for a shower chair, ordered CMS medical personnel to immediately provide plaintiff with access to a shower chair and dismissed with prejudice plaintiff's remaining claims against defendants Bentley, LeFevers, Cherry, Hunt and Mobley.  Bentley appealed.

Because the tape recording of the evidentiary hearing was defective and could not be transcribed, the Eighth Circuit, on November 17, 2004, remanded the case for retrial.  The Court referred the case to Judge Ray, who appointed counsel

to represent plaintiff and scheduled an evidentiary hearing for August 30, 2005.

While the appeal was pending, plaintiff, on May 12, 2004, sent the Court a letter requesting that it order the ADC to provide him with an MRI. On May 28, 2004, the Court denied plaintiff's request because the Court had not ordered one, but reiterated the admonition of Judge Ray quoted above.

On November 26, 2004, plaintiff filed a *pro se* motion for a temporary injunction stating that he has yet to receive the proper diagnostic tests and medical treatment for his back condition.  He requested that he be given the prescribed diagnostic tests by a qualified neurosurgeon, proper pain medications, and if needed, the required surgery.  Because the issue of whether plaintiff was legally entitled to diagnostic tests and corrective surgery was not currently part of the pending action,  Judge Ray recommended that the motion be denied without prejudice subject to renew if plaintiff's counsel chose to file an amended complaint or a new § 1983 action regarding his need for such testing and treatment.  The Court adopted the recommendations by Order entered May 20, 2005.

On May 13, 2005, plaintiff filed a motion for leave to amend his complaint, stating that CMS personnel, CMS and ADC officials "continued in their deliberate indifference, negligence, and outrageous behavior by failing to provide [plaintiff] appropriate medical treatment" and that as a result, plaintiff "continues to suffer harm."  Mobley and defendant Bentley objected.  Judge Ray, by Order entered June 2, 2005, granted plaintiff leave to amend.

Defendants filed a motion to dismiss the third amended complaint which is the subject of the pending recommended disposition.   Plaintiff has filed objections, arguing that dismissal is not warranted because plaintiff has pleaded one cause of action for inadequate medical care; non-exhaustion is an affirmative defense which defendants failed to prove; and any tardiness of exhaustion was caused by defendants' failure to respond timely to plaintiff's grievances.

The Court agrees that plaintiff has exhausted his remedies with regard to assertions in his third amended complaint. As the record reveals, plaintiff has filed numerous grievances. He has exhausted his administrative remedies with regard to his deliberate indifference claim. Even after February 2004 evidentiary hearing, plaintiff continued to file grievances concerning defendants' refusal to treat his medical condition. Plaintiff has attached those as exhibits to his objections.

In this case, requiring further exhaustion of administrative remedies elevates form over substance. Plaintiff's allegations in the third amended complaint flow from the alleged refusal on the part of defendants to treat plaintiff's medical condition. *See McAlphin v. Toney*, 375 F. 3d 753, 755 (8th Cir. 2004) (allegations that defendants did not treat plaintiff's grievances as emergency matters or that they refused to escort plaintiff to nearby infirmary were part of claim for denial of emergency dental treatment). Plaintiff's constitutional claim here is that defendants were deliberately indifferent to his serious medical needs. As plaintiff persuasively argues, "it is not logical to separate a prisoner's single medical claim into discrete subsections. Requiring a prisoner to file grievances with the foresight and knowledge that the grievance he is filing will have to list all 'claims' as the court defines them for purposes of a later lawsuit would be too onerous." *See Wheeler v. Prince*, 318 F. Supp. 767, 771 (E. D. Ark. 2004) ("thrust of plaintiff's thrust of his complaint is 'inadequate medical care' and, accordingly, the central issue is 'medical' and given his general medical condition, it would be impossible to separate one medical problem from another because the ailments all affect each other").

Additionally, plaintiff has established that he has exhausted his administrative remedies. Plaintiff has completed the exhaustion process three times this year alone. The purpose of the exhaustion requirement under PLRA is

to give prison officials the opportunity to address complaints internally before allowing a prisoner to initiate a federal case. *Johnson v. Jones*, 340 F. 3d 624, 626-27 (8th Cir. 2003). Given the numerous complaints filed by plaintiff, defendants have had ample opportunity to address plaintiff's complaints regarding the inadequate medical treatment he has been receiving concerning his nerve root damage and disc deterioration in his back. Furthermore, given defendants' failure to take the action requested by plaintiff, even in light of the complaints and the Court's admonitions, it is extremely unlikely that further administrative grievances would result in any different action on the part of defendants.

Moreover, defendants' own failure to timely respond to plaintiff's specific grievance, JC-05-0079–wherein he contended that defendants had not allowed plaintiff to see a neurologist or neurosurgeon to review the MRI results, excuses defendant from the exhaustion requirement. *See Foulk v. Charrier*, 262 F. 3d 687, 698 (8th Cir. 2001).

Requiring plaintiff to file a new action solely on the MRI/Neurologist claim would be an unnecessary waste of judicial resources. Much of the evidence that would be introduced at the evidentiary hearing regarding the remaining allegations would be the same as that which would be introduced at a hearing on the MRI/Neurologist claim. As Judge Ray stated in his Order granting the motion for leave to amend: "Thus, requiring Plaintiff to file a new § 1983 action to raise the related claims set forth in his proposed Amended Complaint would require an unnecessary duplication of effort on the part of the Court and Plaintiff's appointed counsel, both of whom are already well acquainted with the rather complex factual and procedural history of this case."

In sum, the Court rejects the findings and recommendations of Judge Ray, and the motion to dismiss for failure to exhaust administrative remedies is denied. The motion for leave to amend is denied as moot. The case is referred to Judge

Ray for further proceedings.

    IT IS SO ORDERED this15th day of September, 2005.

                                        *George Howard, Jr.*
                                   UNITED STATES DISTRICT JUDGE